Ashley J. Sherwood, OSB No. 191044
asherwood@seyfarth.com
Meghan A. Douris, *pro hac vice forthcoming*
mdouris@seyfarth.com
SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
Telephone: (206) 946-4910
Facsimile:  (206) 946-4901

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SOLTERRA STRATA LLC, a Washington limited liability company, and FARGO APARTMENT LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SEABOLD CONSTRUCTION CO., INC., an Oregon corporation, KEVIN P. OWENS AND HAILEY R. OWENS, a married couple,<br><br>Defendants. | Case No.<br><br>**COMPLAINT (Breach of Contract, Unjust Enrichment)**<br><br>**JURY DEMANDED**<br><br>**DAMAGES DEMANDED: $17,540,000** |

Plaintiffs Solterra Strata LLC and Fargo Apartment LLC (collectively, "*Plaintiffs*") hereby allege as follows:

**I.**

**PARTIES**

1. Plaintiff Solterra Strata LLC ("*Solterra*") is a limited liability company domiciled in and organized under the laws of the State of Washington. At all times relevant to the allegations

COMPLAINT - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

in this Complaint, Solterra was and is currently registered with the Oregon Secretary of State to do business in the State of Oregon under Registry No. 1867900-94.

2.  Plaintiff Fargo Apartment LLC ("**F.A. LLC**") is a limited liability company domiciled in and organized under the laws of the State of Washington. At all times relevant to the allegations in this Complaint, F.A. LLC was and is currently registered with the Oregon Secretary of State to do business in the State of Oregon under Registry No. 1926255-99.

3.  Defendant Seabold Construction Co., Inc. ("**Seabold**") is a corporation domiciled in and organized under the laws of the State of Oregon. At all times relevant to the allegations in this Complaint, Seabold was and is registered with the Oregon Secretary of State to do business in the State of Oregon under Registry No. 205369-18 and registered with the Oregon Construction Contractors Board under License No. 48023.

4.  Defendants Kevin P. Owens and Hailey R. Owens are a married couple residing in Sherwood, Oregon. Both Mr. Owens and Mrs. Owens are owners and officers of Seabold, with Mr. Owens serving as President and Ms. Owens serving as Secretary and Financial Manager.

## II.

## JURISDICTION & VENUE

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. There is complete diversity between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.  Venue is proper in this Court because the projects at issue are located in and the events giving rise to Plaintiffs' claims substantially occurred in Portland, Oregon. Venue is also proper in this Court pursuant to the agreement between Plaintiffs and Seabold that all disputes over

COMPLAINT - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

$250,000 in aggregate shall be resolved by litigation in the U.S. Federal District Court located in Portland, Oregon.

## III.

## FACTUAL ALLEGATIONS

**A.    The Zeal Apartment Project**

7.    On or about October 11, 2021, Solterra and Seabold entered into an A101-2017 and A201-2017 agreement whereby Seabold agreed to act and provide services as the general contractor for construction of the Zeal Apartments located at 3185 N. Williams Avenue, Portland, Oregon 97227 (the "***Zeal Contract***" and "***Zeal Project***").  Solterra incorporates the terms of the Zeal Contract by reference.

8.    Seabold entered into subcontracts with various subcontractors and suppliers for portions of the work required under the Zeal Contract.

9.    Seabold commenced work on the Zeal Apartments Project on approximately October 18, 2021 and submitted payment applications on a monthly basis for amounts it claimed was due for work performed by it and its subcontractors and suppliers.

10.    At all times Seabold performed work on the Zeal Apartments Project, Kevin Owens and Hailey Owens had actual control of Seabold's operations, including its finances and payments to subcontractors and suppliers.

11.    Among other obligations, the Zeal Contract provides that (1) Seabold's payment applications would only include requests for payment for portions of the work for which Seabold intended to pay its subcontractors and suppliers and (2) Seabold was required to pay subcontractors no later than ten days after receipt from Solterra.

COMPLAINT - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

12. The Zeal Contract also provides that Seabold is required to defend and indemnify Solterra from all loss, liability, damage or expense, including reasonable attorney's fees and litigation expenses, arising out of any claim for payment by a subcontractor or supplier.

13. On November 1, 2023, Seabold sent a letter titled "Notice of Termination" purporting to terminate the Zeal Contract and indicating it would no longer continue work or fulfill its obligations under the Zeal Contract. Seabold claimed to have suffered a number of delays and interferences on the Zeal Project, but failed to ever provide timely notice of such delays as required by the Zeal Contract.

14. Seabold did not return to work on the Zeal Project following its Notice of Termination and thus did not fulfill its obligations under the Zeal Contract.

15. Based on Seabold's refusal to continue work, Solterra sent a proper Notice of Termination on November 21, 2023, terminating the Zeal Contract and notifying Seabold it would withhold the funds requested by Seabold in its October 2023 payment application.

16. As of the date Solterra terminated the Zeal Contract, Solterra had paid Seabold a total of $20,585,163.87 for work performed by Seabold and its subcontractors and suppliers.

**B.    The Fargo Apartment Project**

17. On or about February 16, 2022, F.A. LLC and Seabold entered into an A101-2017 and A201-2017 agreement whereby Seabold agreed to act and provide services as the general contractor for construction of the Fargo Apartments located at 25 N. Fargo Street, Portland, Oregon 97227 (the "***Fargo Contract***" and "***Fargo Project***"). F.A. LLC incorporates the terms of the Fargo Contract by reference.

18. Seabold entered into subcontracts with various subcontractors and suppliers for portions of the work required under the Faro Contract.

COMPLAINT - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

19. Seabold commenced work on the Fargo Project on approximately February 17, 2022 and submitted payment applications on a monthly basis for payment it claimed was due for work performed by it and its subcontractors and suppliers.

20. At all times Seabold performed work on the Fargo Project, Kevin Owens and Hailey Owens had actual control of Seabold's operations, including its finances and payments to subcontractors and suppliers.

21. Among other obligations, the Fargo Contract provides that (1) Seabold's payment applications would only include requests for payment for portions of the work for which Seabold intended to pay its subcontractors and suppliers and (2) Seabold was required to pay subcontractors no later than ten days after receipt from Solterra.

22. The Fargo Contract also provides that Seabold is required to defend and indemnify F.A. LLC from all loss, liability, damage or expense, including reasonable attorney's fees and litigation expenses, arising out of any claim for payment by a subcontractor or supplier.

23. On November 1, 2023, Seabold sent a letter titled "Notice of Termination" purporting to terminate the Fargo Contract and indicating it would no longer continue work or fulfill its obligations under the Zeal Contract. Seabold claimed to have suffered a number of delays and interferences on the Fargo Project, but failed to ever provide timely notice of such delays as required by the Fargo Contract.

24. Seabold did not return to work on the Fargo Project following its Notice of Termination and thus did not fulfill its obligations under the Fargo Contract.

25. Based on Seabold's refusal to continue work, F.A. LLC sent a proper Notice of Termination on November 21, 2023, terminating the Fargo Contract and notifying Seabold it would withhold the funds requested by Seabold in its October 2023 payment application.

COMPLAINT - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

26.     As of the date F.A. LLC terminated the Fargo Contract, F.A. LLC had paid Seabold a total of $9,791,993.71 for work performed by Seabold and its subcontractors and suppliers.

C. **Seabold Notifies Subcontractors it is "Winding Up" Its Business and Plaintiffs Discover Seabold Misappropriated Hundreds of Thousands of Dollars Paid**

27.     On December 14, 2023, Seabold notified its "creditors," including subcontractors on the Zeal and Fargo Projects that it was closing the business and liquidating its assets. Seabold explained that any assets would first go to secured creditors and, if any proceeds remain, distributions would be made to unsecured creditors.

28.     Consistent with how they acted during construction of the projects, Kevin Owens signed the December 14, 2023 letter as the "President" and Hailey Owens signed as the "Financial Manager" of Seabold.

29.     In its letter, Seabold also notified subcontractors and suppliers on the Zeal and Fargo Projects that it would not pay any outstanding amounts owed and should look to Solterra and F.A. LLC for payment.

30.     Solterra and F.A. LLC were left with two unfinished projects and subcontractors and suppliers demanding payments.

31.     As a result of Seabold's abandonment of the Zeal and Fargo Projects, Solterra and F.A. LLC had to enter into new contracts and/or take assignment of certain contracts to progress the work.  Costs for completing the projects are still to be compiled, but it is estimated that it will take approximately $7.3 million to complete the Zeal Project and approximately $7.7 million to complete the Fargo Project.

32.     Solterra and F.A. LLC gathered information from subcontractors and suppliers regarding how much money they claimed they were owed and compared those figures to what Solterra and F.A. LLC had paid to Seabold for those same subcontractor and supplier invoices.

COMMITTEE - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

33. As of the date of this Complaint, Solterra discovered it paid Seabold approximately $1,560,000 for amounts owed to subcontractors and suppliers on the Zeal Project, which Seabold misappropriated and did not pay to those subcontractors and suppliers.

34. Solterra continues to look into the amounts owed to subcontractors and suppliers and expects to discover that Seabold failed to pay much more than what is known to date.

35. On information and belief and based on the communications Solterra continues to receive from subcontractors and suppliers, Solterra believes there are thousands of dollars (if not hundreds of thousands of dollars) it paid to Seabold which Seabold misappropriated and failed to pay to subcontractors and suppliers.

36. As of the date of this Complaint, F.A. LLC discovered it paid Seabold approximately $980,000 for amounts owed to subcontractors and suppliers on the Fargo Project, which Seabold misappropriated and did not pay to those subcontractors and suppliers.

37. F.A. LLC continues to look into the amounts owed to subcontractors and suppliers and expects to discover that Seabold failed to pay much more than what is known to date.

38. On information and belief and based on the communications F.A. LLC continues to receive from subcontractors and suppliers, F.A. LLC believes there are thousands of dollars (if not hundreds of thousands of dollars) it paid to Seabold which Seabold misappropriated and failed to pay to subcontractors and suppliers.

39. Seabold never provided any reason or justification as to why such amounts were not paid to subcontractors and suppliers on either the Zeal or Fargo Projects.

40. Kevin Owens and Hailey Owens had actual control over the $2,540,000 in total funds received by Seabold from Solterra and F.A. LLC on the Zeal and Fargo Projects.

COMPLAINT - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

41. As officers and owners of Seabold, Kevin Owens and Hailey Owens had obligations under the Zeal Contract and Fargo Contract to pay to subcontractors and suppliers for the amounts Seabold requested and then received from Solterra and F.A. LLC.

42. Kevin Owens and Hailey Owens did not do so and improperly misappropriated those funds to pay other debts unrelated to the Zeal and Fargo Projects including, potential personal debts.

43. Kevin Owens' and Hailey Owens' misappropriation of the funds paid to Seabold by Solterra and F.A. LLC left Seabold without an ability to pay its debts, including those owed to subcontractors and suppliers on the Zeal and Fargo Projects who now look to Solterra and F.A. LLC for payment.

44. Kevin Owens' and Hailey Owens' misappropriation of funds paid to Seabold by Solterra and F.A. LLC also left Seabold without an ability to satisfy the judgment Solterra and F.A. LLC seek to recover in this action for Seabold's numerous breaches of the Zeal and Fargo Contracts.

**IV.**

**FIRST CAUSE OF ACTION – BREACH OF THE ZEAL CONTRACT (AS ASSERTED AGAINST SEABOLD, WITH RECOVERY AGAINST ALL DEFENDANTS)**

45. Plaintiffs reallege all previous paragraphs as though full set forth herein.

46. Solterra and Seabold entered into the Zeal Contract, which is an enforceable written contract supported by valuable consideration.

47. Seabold materially breached the Zeal Contract by, without limitation, (i) failing to complete and improperly abandoning the work, (ii) failing to provide notice of potential claims (which it then later used to justify its abandonment), (iii) failing to pay subcontractors and suppliers

COMPLAINT - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

for which it received payment, and (iv) failing to defend and indemnify Solterra for demands and claims made by subcontractors and suppliers.

48. Solterra has sustained actual damages as a direct and proximate result of Seabold's breaches of the Zeal Contract and Solterra is entitled to money damages arising from such breaches in an amount to be proven at trial, but in any case not less than $8,860,000 plus attorneys' fees, costs, and interest. Such amounts represent the damages to Solterra for the costs to complete the Zeal Project and the amounts misappropriated by Seabold. Such damages do not include unknown additional amounts Seabold misappropriated, and Solterra reserves the right to increase this damages figure accordingly.

49. Kevin Owens and Hailey Owens had actual control over Seabold at all times relevant to this action.

50. Kevin Owens and Hailey Owens improperly and unlawfully misappropriated Seabold's assets, including but not limited to, amounts paid by Solterra that Seabold was required to pay to subcontractors and suppliers.

51. Kevin Owens' and Hailey Owens' improper conduct left Seabold without the ability to pay its debts and left Seabold insolvent.

52. As a proximate cause of Kevin Owens' and Hailey Owens' improper conduct, Solterra is deprived of the ability to recover from Seabold.

53. Based on the foregoing allegations, Seabold's corporate form should be disregarded and Kevin Owens and Hailey Owens held personally liable for damages sustained by Solterra as it relates to breach of the Zeal Contract, in an amount to be proven at trial, but in no event less than $8,860,000 plus attorneys' fees, costs, and interest. Such amounts represent the damages to Solterra for the costs to complete the Zeal Project and the amounts misappropriated by Seabold.

COMPLAINT - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

Such damages do not include unknown additional amounts Seabold misappropriated, and Solterra reserves the right to increase this damages figure accordingly.

**V.**

**SECOND CAUSE OF ACTION – BREACH OF THE FARGO CONTRACT (AS ASSERTED AGAINST SEABOLD, WITH RECOVERY AGAINST ALL DEFENDANTS)**

54. Plaintiffs reallege all previous paragraphs as though full set forth herein.

55. F.A. LLC and Seabold entered into the Fargo Contract, which is an enforceable written contract supported by valuable consideration.

56. Seabold materially breached the Fargo Contract by, without limitation, (i) failing to complete and improperly abandoning the work, (ii) failing to provide notice of potential claims (which it then later used to justify its abandonment), (iii) failing to pay subcontractors and suppliers for which it received payment, and (iv) failing to defend and indemnify F.A. LLC for demands and claims made by subcontractors and suppliers.

57. F.A. LLC has sustained actual damages as a direct and proximate result of Seabold's breaches of the Fargo Contract and F.A. LLC is entitled to money damages arising from such breaches in an amount to be proven at trial, but in any case not less than $8,680,000 plus attorneys' fees, costs, and interest. Such amounts represent the damages to F.A. LLC for the costs to complete the Fargo Project and the amounts misappropriated by Seabold. Such damages do not include unknown additional amounts Seabold misappropriated, and Solterra reserves the right to increase this damages figure accordingly.

58. Kevin Owens and Hailey Owens had actual control over Seabold at all times relevant to this action.

COMPLAINT - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

59. Kevin Owens and Hailey Owens improperly and unlawfully misappropriated Seabold's assets, including but not limited to, amounts paid by F.A. LLC that Seabold was required to pay to subcontractors and suppliers.

60. Kevin Owens' and Hailey Owens' improper conduct left Seabold without the ability to pay its debts and left Seabold insolvent.

61. As a proximate cause of Kevin Owens' and Hailey Owens' improper conduct, F.A. LLC is deprived of the ability to recover from Seabold.

62. Based on the foregoing allegations, Seabold's corporate form should be disregarded and Kevin Owens and Hailey Owens held personally liable for damages sustained by F.A. LLC as it relates to breach of the Fargo Contract, in an amount to be proven at trial, but in no event less than $8,680,000, plus attorneys' fees, costs, and interest. Such amounts represent the damages to F.A. LLC for the costs to complete the Fargo Project and the amounts misappropriated by Seabold. Such damages do not include unknown additional amounts Seabold misappropriated, and F.A. LLC reserves the right to increase this damages figure accordingly.

## VI.

## THIRD CAUSE OF ACTION – UNJUST ENRICHMENT UNDER THE ZEAL CONTRACT (AS ASSERTED AGAINST SEABOLD, WITH RECOVERY AGAINST ALL DEFENDANTS)

63. Plaintiffs reallege all previous paragraphs as though full set forth herein.

64. Solterra provided Seabold with payment based on Seabold's payment applications and representation that portions of such requested amounts would be paid to subcontractors and suppliers for their work on the Zeal Apartment Project.

65. Seabold accepted payment knowing Solterra expected Seabold to pass those amounts on to the subcontractors and suppliers who earned such amounts.

COMPLAINT - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

66. Seabold's retention of the amounts owed to subcontractors and suppliers has unjustly enriched Seabold and/or otherwise provided Seabold with a benefit to which it is not entitled.

67. Solterra is entitled to recover the amount by which Seabold has been unjustly enriched as it relates to the Zeal Apartment Project in an amount to be proven at trial, but in no event less than $8,860,000 plus attorneys' fees, costs, and interest. Such amounts represent the damages to Solterra for the costs to complete the Zeal Project and the amounts misappropriated by Seabold. Such damages do not include unknown additional amounts Seabold misappropriated, and Solterra reserves the right to increase this damages figure accordingly.

68. Kevin Owens and Hailey Owens had actual control over Seabold at all times relevant to this action.

69. Kevin Owens and Hailey Owens improperly and unlawfully misappropriated Seabold's assets, including but not limited to, amounts paid by Solterra that Seabold was required to pay to subcontractors and suppliers.

70. Kevin Owens' and Hailey Owens' improper conduct left Seabold without the ability to pay its debts and left Seabold insolvent.

71. As a proximate cause of Kevin Owens' and Hailey Owens' improper conduct, Solterra is deprived of the ability to recover from Seabold.

72. Based on the foregoing allegations, Seabold's corporate form should be disregarded and Kevin Owens and Hailey Owens held personally liable for the amounts by which Seabold has been unjustly enriched in an amount to be proven at trial, but in no event less than $8,860,000, plus attorneys' fees, costs, and interest. Such amounts represent the damages to Solterra for the costs to complete the Zeal Project and the amounts misappropriated by Seabold. Such damages do

COMPLAINT - 12

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

not include unknown additional amounts Seabold misappropriated, and Solterra reserves the right to increase this damages figure accordingly.

## VII.

## FOURTH CAUSE OF ACTION – UNJUST ENRICHMENT UNDER THE FARGO CONTRACT (AS ASSERTED AGAINST SEABOLD, WITH RECOVERY AGAINST ALL DEFENDANTS)

73. Plaintiffs reallege all previous paragraphs as though full set forth herein.

74. F.A. LLC provided Seabold with payment based on Seabold's payment applications and representation that portions of such requested amounts would be paid to subcontractors and suppliers for their work on the Fargo Apartment Project.

75. Seabold accepted payment knowing F.A. LLC expected Seabold to pass those amounts on to the subcontractors and suppliers who earned such amounts.

76. Seabold's retention of the amounts owed to subcontractors and suppliers has unjustly enriched Seabold and/or otherwise provided Seabold with a benefit to which it is not entitled.

77. F.A. LLC is entitled to recover the amount by which Seabold has been unjustly enriched as it relates to the Fargo Apartment Project in an amount to be proven at trial, but in no event less than $8,680,000 plus attorneys' fees, costs, and interest. Such amounts represent the damages to F.A. LLC for the costs to complete the Fargo Project and the amounts misappropriated by Seabold. Such damages do not include unknown additional amounts Seabold misappropriated, and F.A. LLC reserves the right to increase this damages figure accordingly.

78. Kevin Owens and Hailey Owens had actual control over Seabold at all times relevant to this action.

COMPLAINT - 13

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

79. Kevin Owens and Hailey Owens improperly and unlawfully misappropriated Seabold's assets, including but not limited to, amounts paid by F.A. LLC that Seabold was required to pay to subcontractors and suppliers.

80. Kevin Owens' and Hailey Owens' improper conduct left Seabold without the ability to pay its debts and left Seabold insolvent.

81. As a proximate cause of Kevin Owens' and Hailey Owens' improper conduct, F.A. LLC is deprived of the ability to recover from Seabold.

82. Based on the foregoing allegations, Seabold's corporate form should be disregarded and Kevin Owens and Hailey Owens held personally liable for the amounts by which Seabold has been unjustly enriched in an amount to be proven at trial, but in no event less than $8,680,000, plus attorneys' fees, costs, and interest. Such amounts represent the damages to F.A. LLC for the costs to complete the Fargo Project and the amounts misappropriated by Seabold. Such damages do not include unknown additional amounts Seabold misappropriated, and F.A. LLC reserves the right to increase this damages figure accordingly.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. Award of money damages in an amount to be proven at trial, but in no event less than $17,540,000.

2. Punitive damages pursuant to O.R.S. § 31.730 and based on Defendants' malicious and reckless actions.

3. For attorneys' fees, costs, and interest; and

4. For such other and further relief as the Court may deem proper.

COMPLAINT - 14

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

Dated: January 23, 2024 SEYFARTH SHAW LLP

By: *s/ Ashley J. Sherwood*
Ashley Sherwood, OSB No. 191044
Meghan A. Douris, *pro hac vice application forthcoming*
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
Phone: (206) 946-4910
Email: asherwood@seyfarth.com
Email: mdouris@seyfarth.com

*Attorneys for Plaintiffs*

COMPLAINT - 15

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910