IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SOLTERRA STRATA LLC**, a Washington limited liability company; and **FARGO APARTMENT LLC**, a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>**SEABOLD CONSTRUCTION CO., INC.**, an Oregon corporation; **KEVIN P. OWENS**; and **HAILEY R. OWENS**,<br><br>Defendants. | Case No. 3:24-cv-00151-IM<br><br>**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Ryan J. Hall, Wathen Leid Hall Rider, P.C., 222 Etruria Street, Seattle, WA 98109. Attorney for Plaintiffs.

William T. Gent and Paul W. Conable, Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland, OR 97204-2099. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Before this Court is a Partial Motion to Dismiss ("Mot."), ECF 25 filed by Defendants Seabold Construction Co., Inc. ("Seabold"), Kevin P. Owens, and Hailey R. Owens (together

"Defendants"). Defendants move to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Solterra Strata LLC ("Solterra") and Fargo Apartment LLC ("Fargo"), ECF 24.

This case concerns two construction contracts, the Zeal Contract and the Fargo Contract, to build two apartment buildings in Portland, Oregon. FAC, ECF 24. Plaintiffs originally asserted the following claims against Seabold: (1) Breach of Contract—Zeal Contract; (2) Breach of Contract—Fargo Contract; (3) Unjust Enrichment—Zeal Contract; and (4) Unjust Enrichment—Fargo Contract. Complaint, ECF 1 ¶¶ 45–82. Plaintiffs also sought to pierce the corporate veil and assert liability against Kevin and Hailey Owens as alter egos of Seabold. *Id.* ¶¶ 53, 62, 72, 82.

On May 1, 2024, this Court granted Defendants' Amended Motion to Dismiss, finding that Plaintiffs failed to state a claim to pierce the corporate veil and assert liability against Kevin and Hailey Owens, ECF 22. On May 15, 2024, Plaintiffs filed their First Amended Complaint, asserting identical claims and again seeking to pierce the corporate veil and assert liability against Kevin and Hailey Owens. FAC, ECF 24 ¶¶ 61–98.

Kevin and Hailey Owens now move to dismiss Plaintiffs' veil piercing claims and all Defendants move to dismiss Plaintiffs' claims for unjust enrichment under Federal Rule of Civil Procedure 12(b)(6). Mot., ECF 25 at 2. Plaintiffs conceded Defendants unjust enrichment arguments. *See* Plaintiffs' Response ("Resp."), ECF 26 at 2 ("The only matter left for the Court to decide is Defendants' request that the Court dismiss Plaintiffs' piercing claims against Kevin and Hailey Owens"). The sole issue before this Court is once again whether Plaintiffs have stated a claim for piercing the corporate veil. As explained below, the unjust enrichment claim is dismissed with prejudice. Plaintiffs have stated a claim to pierce the corporate veil and assert

liability against Hailey Owens, but failed to state such a claim Kevin Owens. This Court declines to award attorney's fees at this stage.

## LEGAL STANDARDS

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court need not credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## BACKGROUND

The following facts are taken from the First Amended Complaint and are accepted as true for the purposes of this motion.

Plaintiffs Solterra and Fargo are the projects' developers and Defendant Seabold is the general contractor for both projects. Defendants Kevin and Hailey Owens are owners and officers of Seabold. FAC, ECF 24 ¶ 4. Mr. Owens serves as the President of Seabold and Ms. Owens serves as the Secretary and Financial Manager. *Id.* As officers of Seabold, Kevin and

Hailey Owens controlled Seabold's operations and finances throughout the events described below. *Id.* ¶¶ 10, 20.

In October 2021, Solterra and Seabold executed a contract to build the Zeal Apartments ("Zeal Contract"). *Id.* ¶ 7. Then, in February 2022, Fargo and Seabold executed a contract to build the Fargo Apartments ("Fargo Contract"). *Id.* ¶ 17. Seabold entered into subcontracts to outsource portions of the work on those projects to subcontractors and suppliers. *Id.* ¶¶ 8, 18. Under the Zeal and Fargo Contracts, Seabold could only request payments for the work it outsourced if it intended to pay its subcontractors and suppliers. *Id.* ¶¶ 11, 21. The Contracts also required Seabold to pay subcontractors no later than ten days after it received the funds from Solterra. *Id.*

On November 1, 2023, Seabold sent a "Notice of Termination" letter to Solterra and Fargo, notifying Plaintiffs that Seabold would no longer work on their respective construction projects. *Id.* ¶¶ 13, 23. As of November 21, 2023, Solterra had paid Seabold $20,585,163.87 for work performed on the Zeal Contract and Fargo had paid Seabold $9,791,993.71 for work performed on the Fargo Contract. *Id.* ¶¶ 16, 26. Plaintiffs Solterra and Fargo reviewed these payments and concluded that for the work Seabold had outsourced, Seabold failed to pass on $2.54 million to the appropriate subcontractors and suppliers. *Id.* ¶¶ 43, 46, 50. Instead, Seabold improperly used those funds to pay other debts unrelated to the construction projects. *Id.* ¶ 52. On December 14, 2023, Seabold notified subcontractors and suppliers that it was closing the business and that the subcontractors should request payments from Solterra and Fargo for any outstanding amounts owed. *Id.* ¶¶ 37, 39.

## DISCUSSION

Kevin and Hailey Owens now move this Court to dismiss Plaintiffs' veil piercing claims against them and award attorney's fees, and all Defendants move to dismiss Plaintiffs' claims for

unjust enrichment. Mot., ECF 25 at 2. As explained below, Plaintiffs have waived their unjust enrichment claim, and regardless, this claim is incompatible with Plaintiffs' breach of contract claim under Oregon law. Plaintiffs have stated a claim for piercing the corporate veil as to Hailey Owens, but did not adequately plead improper conduct on the part of Kevin Owens. Plaintiffs are granted leave to amend their veil piercing claim against Kevin Owens but leave to amend is denied as to the unjust enrichment claim. This Court also declines to award attorney's fees as such a claim is premature.

### A. Unjust Enrichment

Plaintiffs do not address Defendants' argument that this claim should be dismissed for failure to state a claim. Therefore, Plaintiffs have waived their unjust enrichment claim, and Defendants' Motion is granted without leave to amend. *Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 766 (N.D. Cal. 2022); *see also Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.").

Even if Plaintiffs had not waived this claim, this Court agrees with Defendants that the unjust enrichment claim should be dismissed as "fundamentally inconsistent with [Plaintiffs'] claims for breach of contract." Mot., ECF 25 at 3. Under Oregon law, an unjust enrichment claim is not appropriate when there is an express contract because unjust enrichment "presupposes that no enforceable contract exists." *Kashmir Corp. v. Patterson*, 43 Or. App. 45, 48 (1979), *aff'd*, 289 Or. 589 (1980). Here, the construction agreements are express contracts, and Plaintiffs have not alleged that they are unenforceable—after all, Plaintiffs' breach of contract claim rests upon the existence of an enforceable contract. And Plaintiffs chose not to plead unjust enrichment in the alternative. FAC, ECF 24 ¶¶ 79–98; *see Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1147 (D. Or. 2020) ("Oregon law allows pleading unjust enrichment in the alternative" in certain

PAGE 5 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

circumstances). Leave to amend this claim would be futile. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend.")

## B. Piercing the Corporate Fail

Plaintiffs have stated a claim to pierce the corporate veil against Hailey Owens, but not Kevin Owens. "Oregon courts have been extremely reluctant to disregard the corporate form unless exceptional circumstances exist." *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1228 (9th Cir. 2005) (quoting *City of Salem v. H.S.B.*, 302 Or. 648, 655 (1987) (internal quotation marks omitted). To pierce the corporate veil, Oregon courts require the plaintiff to plead and prove three elements: "(1) [t]he shareholder must have controlled the corporation; (2) the shareholder must have engaged in improper conduct in his exercise of control over the corporation; and (3) the shareholder's improper conduct must have caused plaintiff's inability to obtain an adequate remedy from the corporation." *Id.* (quoting *Rice v. Oriental Fireworks Co.*, 75 Or. App. 627, 633 (1985)). At issue here are the second and third elements. *See* Mot., ECF 25 at 5–8. As explained below, Plaintiffs have alleged a misrepresentation theory of improper conduct and causation under Oregon law as to Hailey Owens, but failed to allege improper conduct as to Kevin Owens.

### 1. Improper Conduct

Defendants argue that the First Amended Complaint does not adequately allege improper conduct. Mot., ECF 25 at 5–7. Shareholders engage in improper conduct when they make a misrepresentation to a creditor. *Hambleton*, 397 F.3d at 1228; *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 110 (1982). A plaintiff need not establish that the misrepresentation would constitute fraud to constitute improper conduct. *Amfac*, 294 Or. at 110. But a misrepresentation must be "more than mere broken promises, unfulfilled predictions or erroneous conjectures as to future events." *Gibson v. Bankofier*, 275 Or. App. 257, 271 (2015)

PAGE 6 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

(citation and internal quotation marks omitted). To establish a misrepresentation, either (1) "the person who makes the statement must have knowledge of its falsity or awareness of lack of knowledge as to its truth or falsity," or (2) "the person who makes the statement negligently supplies false information and owes the listener a special duty of care." *Id.* at 270 (citations, internal quotation marks, and brackets omitted). Defendants argue that the allegations "omit any facts in support" of this knowledge requirement. Mot., ECF 25 at 6.

Plaintiffs do not argue that Hailey or Kevin Owens owed a special duty of care. The question is therefore whether Plaintiffs have sufficiently alleged that Hailey and Kevin Owens made a statement with knowledge of its falsity or awareness of lack of knowledge as to its truth or falsity.

As to Hailey Owens, Plaintiffs allege that she "prepared and submitted to Solterra an Application and Certification for Payment" certifying "that the work had been completed and that the sub-contractors had been paid for their work on the project." FAC, ECF 24 ¶ 30. Plaintiffs allege that this Application included an Interim Lien Release, signed by Hailey Owens under penalty of perjury, that falsely represented that "all bills, invoices and other amounts due and payable had in fact been paid through September 30, 2023." *Id.* ¶ 31. Plaintiffs allege that Hailey Owens a second time represented that all subcontractors had been paid when this was false. *Id.* ¶ 35. Plaintiffs further allege that Hailey Owens represented that a $114,000 payment had been made to subcontractor Cornerstone Masonry when no such payment was made. *Id.* ¶ 32. As a result, "Solterra has been forced to "double pay" sub-contractors in the approximate amount of $1,581,683.00." *Id.* ¶ 35.

Based on Hailey Owens' position as Financial Manager and accepting as true and construing all factual allegations in the light most favorable to Plaintiffs, Plaintiffs have

sufficiently alleged that Hailey Owens knew that her statements that payments to subcontractors had been made, when they had not been made, were false, or at least knew that she had not verified the truth or falsity of her statements. It was Hailey Owens' responsibility to certify, under penalty of perjury, that these payments had been made, and she knew that, at minimum, she had not undertaken the efforts to ensure that her statements were truthful. The number of times that Hailey Owens is alleged to have made these false representations and the amount of money at stake supports Plaintiffs' allegations that she did not mistakenly believe these payments had been made. Accordingly, Plaintiffs have pleaded sufficient facts to allow the inference of improper conduct by Hailey Owens.

Turning to Kevin Owens, however, the First Amended Complaint is deficient in two respects. First, Plaintiffs do not allege any *statement* made by Kevin Owens that constitutes a misrepresentation as required under Oregon law. Plaintiffs do not argue that statements made by one shareholder can be attributed to another shareholder under a misrepresentation theory, and this Court is not aware of any authority permitting such an argument. Plaintiffs must allege that Kevin Owens made a statement amounting to a misrepresentation, and they have not done so.

Second, Plaintiffs fail to plead allegations that satisfy the knowledge or awareness requirement as to Kevin Owens. Plaintiffs merely plead that Hailey Owens' "actions were undertaken with the knowledge and consent of her husband, Kevin Owens." *Id.* ¶ 27. As Defendants note, "Plaintiffs do not plead that Kevin [Owens] reviewed the payment applications or lien releases, knew whether the information contained in them was true or false, or directed Hailey [Owens] to issue documents with erroneous information." Mot., ECF 25 at 7. Thus, Plaintiffs have not sufficiently pleaded improper conduct as to Kevin Owens.

### 2. Causation

Defendants argue that the Complaint does not adequately allege causation. Mot., ECF 25 at 7–8. Plaintiffs misunderstood Defendants' motion to "only challenge the sufficiency of Plaintiffs' Complaint as it relates to the second element, improper conduct," and did not respond to Defendants' causation arguments. Resp., ECF 26 at 9. However, Plaintiffs have adequately alleged that Hailey Owens' misconduct caused their injuries.

To establish the causation element of piercing the corporate veil under Oregon law, the plaintiff must allege and prove "a relationship between the misconduct and the plaintiff's injury." *Amfac*, 294 Or. at 111. Defendants argue that *Amfac* created a "two-prong causation test" such that "Plaintiffs must plead and prove that any alleged misrepresentations either (a) induced Solterra or Fargo to enter into the construction contracts, or (b) materially prevented Seabold from performing under the agreements." Mot., ECF 25 at 7–8. This is not the case. The requirement is that, "as a result of the improper conduct, the plaintiff was harmed." *State ex rel. Neidig v. Superior Nat. Ins. Co.*, 343 Or. 434, 455 (2007) (describing the *Amfac* test); *see also Frontier Recovery, LLC v. Lane Cnty.*, No. CIVIL 09-6017-TC, 2009 WL 2253726, at *3 (D. Or. July 24, 2009) (holding that *Amfac* does not require a showing in every case that plaintiff's inability to collect from the corporation resulted from the improper conduct).

By falsely certifying that subcontractors had been paid, Hailey Owens caused Solterra to pay Seabold funds that Solterra would not otherwise have paid and to "double pay" for the work of the subcontractors. This is a sufficient causal relationship between improper conduct and Plaintiff's injury. As alleged, the improper conduct also caused Seabold's "default" on a "resulting obligation," *Amfac*, 294 Or. at 109, namely, Seabold's obligation under the contracts to submit payment applications to Plaintiffs, certifying that Seabold intended to pay its

PAGE 9 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

subcontractors. Plaintiffs have sufficiently alleged causation as to their claim against Hailey Owens.

### 3. Leave to Amend

Because this Court has dismissed Plaintiffs' veil piercing claim against Kevin Owens, this Court must determine whether to grant leave to amend. In deciding whether to grant leave to amend, courts must consider if there is "strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation and internal quotation marks omitted).

No undue delay, bad faith, or dilatory motive is asserted here. It is possible that Plaintiffs' veil piercing claim against Kevin Owens may be saved by amendment. *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). Plaintiffs have stated that they would add the allegation that Kevin Owens "specifically represented to Plaintiffs that Seabold was solvent, financially stable and more importantly, paying the subcontractor involved in the projects." Resp., ECF 26 at 12. If this specific representation was in the form of a statement, was made with the requisite knowledge, and caused Plaintiff's injuries, it may be sufficient to save Plaintiff's veil piercing claim against Kevin Owens. Plaintiffs may file a second amended complaint in fourteen days.

## C. Attorney's Fees

Hailey and Kevin Owens request reasonable attorney's fees, costs, and disbursements under O.R.S. 20.096(1). Mot., ECF 25 at 10. This statute states:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements,

> without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.

O.R.S. 20.096(1). The prevailing party "is the party who receives a favorable judgment or arbitration award on the claim." O.R.S. 20.077(2). On the record before it, this Court cannot conclude whether the contract allows for attorney's fees or whether Hailey and Kevin Owens are the prevailing parties. Accordingly, the request for attorney's fees is premature.

## CONCLUSION

For the foregoing reasons, this Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss, ECF 25. Any amended complaint must be filed within fourteen days.

**IT IS SO ORDERED.**

DATED this 11th day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge